UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re MARITIME TUG & BARGE, INC.,            CASE NO. 3:05-cv-119-J-25TEM
as owner of the M/V "ISABELLE C",
for Exoneration from or Limitation from Liability,

      Petitioner.
_____/

## ORDER

This cause is before this Court on Claimant Royal Indemnity Company's (Royal) Motion to Dismiss Petition for Exoneration from or Limitation of Liability (Dkt. 13), Claimant Martin K. Eby Construction Co.'s (Eby) Motion to Dismiss Petition for Exoneration from or Limitation of Liability (Dkt. 16), Petitioner's Motion to Consolidate Cases (Dkt. 20) and Petitioner's Motion to Amend its Complaint (Dkt. 31.).

**I. Background**

Petitioner Maritime Tug & Barge, Inc., (Maritime) is the owner of the *Isabelle C*, the tail tug boat which was towing a dredge booster barge on or about June 2, 2003, in the area of the Wonderwood Connector Bridge, on the Intercoastal Waterway in Jacksonville, Florida. Sometime between 1:00 a.m. and 1:30 a.m., the three-vessel flotilla transited the Wonderwood Connector Bridge, which was undergoing construction by Eby. One or more of the vessels struck and damaged several concrete pilings that had been installed by Eby as part of the Wonderwood connector Bridge project, and several pilings sank to the bottom of the Channel. At the time of the vessel allision, Royal was the insurance provider to Eby and reimbursed Eby over $513,000 for the damages caused by the allision.[1] On June 6, 2003, Eby sent Maritime a certified letter to place it on notice of the

---

[1] Additionally, Eby has a claim for over $764,000 in uninsured loss.

accident and resulting damages. On June 11, 2003, Royal also sent Maritime written notice of a claim for damages resulting from the allision. On July 29, 2003 Eby's attorney, Michael Leahy also sent Maritime a letter regarding the claim, and Maritime's Claims representative, Global Claims & Co., acknowledged the claims of both Eby and Royal by email directed to the attorneys for Eby and Royal dated August 8, 2003.

The allision caused damage to the pilings that then had to be removed. The removal required that the pilings be broken up into smaller pieces, so they could be removed from the Wonderwood Bridge job site. During the process of breaking the pilings into smaller pieces, on or about July 16, 2003, Michael Clarke was struck by part of a piling, causing his death. Michelle Clarke, the personal representative of the estate of Michael Clarke, filed suit on July 20, 2004 against Eby, Gore Maritime Corporation (Gore), Maritime and Great Lakes Dredge and Dock Company (Great Lakes) in a wrongful death action in the Circuit Court, Fourth Judicial Circuit, In and For Duval County Florida. On February 4, 2005, Maritime filed its complaint for exoneration from liability or limitation of liability in this Court.

## II. Standard of Review

The Limitation of Liability Act permits a vessel owner to petition the federal district court to limit its liability on a substantive claim against it to the value of its interest in the vessel and pending freight. 46 App. U.S.C. § 185. Under the Act, the vessel owner must file the limitation claim "within six months after a claimant shall have given to or filed with such owner written notice of the claim." *Id.* The six month time period begins to run as to all claimants from the date the vessel owner receives the first written notice of a claim arising out of a particular accident. *The Grasselli Chemical Co. No. 4,* 20 F. Supp 394, 396 (S.D.N.Y. 1937). If a shipowner does not file a complaint for exoneration

from or limitation of liability within the prescribed six month time period, "the court loses jurisdiction entirely" and must dismiss the complaint as untimely. *In re American M.A.R.C., Inc.*, 224 F.Supp. 573, 574-75 (S.D. Cal. 1963), *In re Southcoast Watersport Rentals, Inc.*, 954 F. Supp. 260, 262 (S.D. Fla. 1996, *aff'd* 132 F.3d 46 (11th Cir. 1997).

## II. Analysis

In its response to the motions to dismiss, Maritime incorporates by reference the "Memorandum in Opposition to Motion for Final Summary Judgment and Motion to Amend and Consolidate" and the "Memorandum in Response to Motions to Dismiss" filed by Gore in Case No. 3:04-CV-977-HLA-TEM, "a case which arises out of the same issues of fact and law covered in the instant matter." Pet. Resp. p. 2. In that case, titled In re *Gore Marine,* the Court granted Eby's and Royal's Motions to Dismiss. The Court found as follows:

> In the instant motions, three claimants seek to dismiss Gore's petition for limitation of liability for failure to file within the six-month time period. Gore does not dispute that the pending limitation proceeding was filed more than six months after it received written notice of potential claims from Eby and Royal arising from the June 2, 2002 accident (allision). However, Gore argues that the petition was filed within six months of its notice of the claim of Michelle Clarke, alleged to have arisen on July 16, 2003, which is separate and distinct from the June 2, 2002 allision. Thus, Gore argues, while the notices of Eby and Royal may have begun the time running for filing the limitation as to the alleged June 2, 2003 allision, those notices did not start the time as to the July 16, 2003 wrongful death claim.
>
> The United States Court of Appeals for the Fifth Circuit addressed the issue

of separate and distinct claims for purposes of timeliness under 46 App. U.S.C. § 185 in *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843 (5th Cir. 1989). In *Exxon*, a barge exploded and sank on November 13, 1985. Though Exxon had marked the wreckage with a day marker and night beacon, two days later another barge collided with the wreckage causing over $4 million in damages. *Id.* at 844-845. Exxon was notified of claims arising from the explosion on November 29, 1985 and was served notice of claim arising from the collision on February 13, 1986. *Id.* at 845. Exxon filed a petition to limit liability on June 5, 1986 with respect to claims resulting from the explosion. *Id.* The claimants sought to dismiss the petition on the ground that it was not timely filed, which the district court granted. *Id.* The Fifth Circuit reversed finding that the later collision and earlier explosion were two distinct and separate occurrence for purposes of filing limitation petitions and that notice of the collision claim had no effect on the statutory limitation period for claims arising from the explosion. *Id.* The test is, "[i]f successive collisions occur as a result of the same negligent act, all constitute one 'distinct occasion,' but if there is time and opportunity after the first collision to take action which would avoid the second collision, each is a "distinct occasion." *Id.* at 847-48. Because Exxon had time and opportunity to mark the wreck after the collision, the two occurrences were deemed separate and distinct.

Applying this standard to the facts in this case, the Court finds that the allision and the death of Michael Clarke were two separate and distinct events. While the alleged negligent act by Gore could have been the cause of both the allision and Mr.

>Clarke's death, there was certainly time and opportunity in the weeks between the events whereby action could have been taken to prevent the death of Mr. Clarke. Therefore, the six month limitations period for filing a petition of limitation of liability ran separately with regard to each event. Insofar as Gore's petition is limiting its liability with respect to claims arising for the death of Michael Clarke, the petition was timely.
>
>However, to the extent that the Defendants seek to dismiss Gore's petition for limitation of liability for claims arising out of the allision, their motions are granted. It is clear from the record and it is undisputed by the parties that Gore received notice of potential claims for damage caused during the allision from Eby on June 6, 2003 and Royal on June 11, 2003. The six month time period as to those claims lapsed in December, 2003 without Gore filing a petition. Therefore, insofar as Defendants seek to dismiss Gore's petition to limit liability arising from the allision, the motions are granted.

In re *Gore*, September 23, 2005 Order p. 3. Marine does not dispute that it received written notice of potential claims from Eby and Royal arising from the June 2, 2002 accident on June 6, 2002 and June 11, 2002 respectively. Furthermore, there is no allegation that Michelle Clarke is making any claims against Maritime, and thus the only "event" for us to consider is the initial allision. Because Maritime did not file their petition for exoneration from liability or limitation of liability until February 4, 2005, it was clearly untimely. For the above stated reasons, insofar as Eby and Royal seek to dismiss Maritime's petition arising from the allision, the motions are granted.

### III. Remaining Motions

Maritime seeks to consolidate this case with In re *Gore*, Case No.: 3:04-cv-977-HLA-TEM.

Because In re *Gore* has been dismissed, Maritime's motion is denied as moot.

Maritime also seeks to amend its complaint in order to assert claims for declaratory relief and for exoneration from or limitation of liability as provided by Rule 15(a) of the Federal Rules of Civil Procedure. Because the petition is untimely, as previously stated, Maritime's motion is futile and thus is denied.

Accordingly, it is **ORDERED**:

1. Claimant Royal Indemnity Co.'s Motion to Dismiss (Dkt. 13) is **GRANTED**.

2. Claimant Martin K. Eby Construction Co.'s Motion to Dismiss (Dkt. 16) is **GRANTED**.

3. Petitioner Maritime's Motion to Consolidate Cases (Dkt. 20) is **DENIED as moot.**

4. Petitioner Maritime's Motion to Amend its Complaint (Dkt. 25) is **DENIED.**

5. This case is hereby **DISMISSED with prejudice** as to Eby and Royal. All remaining motions are denied as moot.

6. The Clerk is directed to terminate all pending motions as moot and to close this case.

**DONE AND ORDERED** in Chambers this 28 day of October, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record